# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

Charles Taylor,

    Plaintiff,

v.

Michael J. Astrue, Commissioner of the Social Security Administration,

    Defendant.

Case No. 07-CIV-068-RAW

## ORDER

Before the Court is Defendant's Motion to Vacate the Motion and Order for Remand [Docket No. 18]. On June 28, 2007, the Defendant filed their unopposed Motion to Remand, stating that a hearing tape from Plaintiff's administrative hearing was lost and thus a transcript was not available. That motion was granted on June 29, 2007.

The current motion indicates that the hearing tape has now been located and a transcript has been prepared. The Defendant requests fifteen days from the date of any order to file an answer.

Defendant's current motion is, unfortunately, silent as to whether Plaintiff opposes this motion. As counsel is well aware, Local Civil Rule 7.1(g), states as follows:

> **Informal Conference Before Filing All Non-Dispositive Motions.** With respect to **all** non-dispositive motions or objections (including all discovery matters and motions in limine), this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have

been unable to reach an accord. No personal conference shall be required, however, where the movant's counsel represents to the Court in writing that movant's counsel has conferred with opposing counsel by telephone and (1) the motion or objection arises from failure to timely make a discovery response (if applicable), or (2) the distance between counsels' offices renders a personal conference infeasible. When the locations of counsels' offices, which will be stated with particularity by movant, are in the same city or within thirty (30) miles of each other, a personal conference is always deemed feasible as to distance.

LCvR 7.1(g). The purpose of this Local Rule is to resolve as many potential issues by agreement of the parties, as well as expediting the Court's rulings in merely procedural matters. In the instant case, the Court has tried to determine a potential situation in which Plaintiff might object to this motion. The Court, however, should not have to resort to conjecture while making its rulings. If counsel for Defendant had followed the dictates of the Local Rules, the Court would be adequately informed of Plaintiff's position and a ruling on the merits could have been made expeditiously.

Defendant's Motion to Vacate the Motion and Order for Remand [Docket No. 18] is DENIED for failure to abide by the dictates of Local Civil Rule 7.1(g).

Dated this 9th day of January, 2008.

**Dated this 9th Day of January 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma